It came to a hearing before chancellor Thompson, who delivered the following decree:
It is a principle in law, that if a person, undertaking to do a tiling for another, without reward, shall use common care, or exercise such caution, as a prudent man would of his own property, he shall be exonerated, for any accidents which may arise. In this case it docs not appear that the defendant was to bo any tiling bene-fitted by the sale of the cotton : — He was to allow the petitioners the Charleston price, deducting carriage from Granby; and whether high or low, all parties are bound by it. It is therefore the opinion of the court, that the report of the commissioner in this case, is erroneous, and that the price of the cotton at the time it arrived at the place of destination, should be the criterion by which to regulate this transaction.
It is, therefore, ordered, that the report he set aside so far as relates to the price of the cotton.
From this decree there ivas an appeal, which was heard, and the judges delivered the following judgment•„
In this case the defendant contracted with complainants for a number of bales of cotton, in payment of a debt due the defendant, which were to be delivered to Finley Holmes in Columbia. The defendant was to be allowed the Charleston price for the cotton, deducting the expence of sending it from Granby to Charleston.— The. complainants brought the cotton to Columbia, and applied to Finley Holmes, who accompanied them to Granby, and saw the cotton delivered to N. Hayne, who gave them a receipt for the cotton. On their return home, the defendant was well pleased with what they had done.
The above statement is taken- from the answer of ihe complainants to the cross petition 5 and the answer of the defendant does not contradict it, further than thíífc *402 bo states the cotton was to be delivered to. Finley Holmes, which cannot alter the case.
Upon this statement of facts, it appears that the complainants applied iti Columbia to Finley Holmes, the acknowledged agent of the defendant, who took charge of the cotton by accompanying them to Granby, and seeing it delivered to N. Haync. This being the act of the defendant’s agent, must be taken as his own $ and when tfie cotton was delivered in Granby, the said must be considered as complete, and the right of complainants to the Charleston price, deducting freight, accrued.
The consideration ox the sale, which was the payment of a debt, was likewise satisfied, and the defendant was afterwards bound to receive the cotton, and was ah liberty to dispose of if as lie might think fit $ which it" seems he did, by sending it to B >sto.n.
Therefore it is adjudged, that he do take the cotton at the Charleston price, deducting freight, at the timo the cotton was delivered at Granby, and that the decree of the circuit court be reversed, and the defendant pay the costs»
W. B. James.
Henb; W, Dksatjssuke,*.
Theodore Gaimuakd,,
Thomas Watibs.